Charles L. Wheelen, Executive Director Health Care Stabilization Fund 300 SW 8th Avenue Topeka, Kansas 66603-3912
Dear Mr. Wheelen:
As Executive Director for the Health Care Stabilization Fund, you pose the following question: Does the allotment authority delegated to the Secretary of Administration in K.S.A. 75-3722 authorize the Secretary to suspend the statutory obligation of the State of Kansas to reimburse the Health Care Stabilization Fund pursuant to relevant sections of the Health Care Provider Insurance Availability Act?
The Kansas allotment system, [1] a budgetary tool that appears to be unique to Kansas, may be implemented by the Secretary of Administration in relation to "any state agency" when "necessary or beneficial to the state."[2]
Alternatively, when general or special fund resources are "likely to be insufficient to cover the appropriations made against such general fund or special revenue fund,"[3] the Secretary of Administration may "inaugurate the allotment system so as to assure that expenditures for any particular fiscal year will not exceed the available resources of the general fund or any special revenue fund for that fiscal year."[4]
In this event, the Secretary is granted broad authority to accomplish this fiscal goal "in such manner that the secretary may determine."[5]
An allotment, in this context, means "a limitation on the use of amounts available to state agencies" for a period of up to 12 months within a fiscal year.[6] One court referred to the allotment system as "the legal fact" by which "appropriations made are subject too reduction."[7] Pursuant to the allotment statute the Secretary may exercise discretion on how much of a "limitation" will be imposed on the use of funds available to any or all state agencies, as well as in the manner of limitation. That is, the limitation may be in a fixed dollar amount down to zero or in a percentage reduction.
Within the Health Care Provider Insurance Availability Act, [8]
K.S.A. 2008 Supp. 40-3403(j) provides for a number of statutory transfers of funds to the health care stabilization fund. The transfer of funds about which you inquire are found in sections (j)(1) (transfer of funds from state general fund to health care stabilization fund for reimbursement of defense costs); (j)(2) (transfer of funds from state general fund to health care stabilization fund for reimbursement of malpractice judgments); and (j)(3) (transfer of funds from the University of Kansas Medical Center private practice foundation reserve fund to the health care stabilization fund). The language found in those sections is typical of at least 170 statutes that are written in terms of transfers from one fund to a another, generally referred to as revenue transfers.[9]
As stated, the allotment system may be applied in any manner the Secretary of Administration determines to ensure expenditures do not outpace general or special fund resources. Nothing in the allotment system statute nor in the Health Care Provider Insurance Availability Act indicates that the statutory transfers of funds specified in K.S.A.40-3403 are exempt from the allotment system. This is in contrast to the exclusion of the legislature and the court system provided in the allotment statute itself, [10] as well as six statutes that specifically exclude funds from being subject to the allotment system.[11]
Thus, in response to your question, the allotment authority delegated to the Secretary of Administration in K.S.A. 75-3722 authorizes the Secretary to suspend the statutory obligation of the State of Kansas to reimburse the Health Care Stabilization Fund pursuant to relevant sections of the Health Care Provider Insurance Availability Act.
Sincerely,
 Steve Six Attorney General
 Camille Nohe Assistant Attorney General
SS:MF:CN:jm
[1] Persons interested in the legislative history and background are directed to Attorney General Opinion No. 82-160.
[2] K.S.A. 75-3722, first paragraph.
[3] K.S.A. 75-3722, second paragraph. See Interhab., Inc. v.Schlansky, No. 02C1335, unpublished opinion filed Feb. 11, 2003. "The budget shortfall [$255.1 milion in fiscal year 2003] was not agency specific as is contemplated under paragraph 1 of K.S.A. 75-3722, but rather was systemic to the state general fund as a whole.]
[4] K.S.A. 75-3722.
[5] K.S.A. 75-3722.
[6] K.S.A. 75-3701(6).
[7] Interhab v. Schlansky, supra.
[8] K.S.A. 50-3401 et seq.
[9] A legal memorandum that accompanied your opinion request suggested that, based on Attorney General Opinion No. 82-160, the fund transfers in issue should be considered demand transfers and thus immune from the allotment system. Attorney General Robert Stephan concluded that statutorily-prescribed transfers of money from the general fund to another fund, which were referred to in that opinion as demand transfers, did not constitute appropriations and therefore were not subject to the allotment system. Without addressing the rationale or conclusion reached in Attorney General Opinion No. 82-160, suffice it to say that the fund transfers in issue are not statutorily identified as demand transfers as are some other fund transfers. (See e.g. K.S.A.79-2964 regarding county and city revenue sharing fund, "All transfers made in accordance with the provisions of the section shall be considered to be demand transfers from the state general fund;" and K.S.A. 79-2959 regarding local ad valorem tax reduction fund, "All transfers made in accordance with the provisions of this section shall be considered to be demand transfers from the state general fund, except that all such transfers during fiscal year 2010 shall be considered to be revenue transfers from the state general fund.")
[10] K.S.A. 75-3722, second paragraph.
[11] K.S.A. 65-3415a; 65-3491; 65-34,114; 65-34,129; 65-34,146 and72-6438.